|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | DISTRICT OF NEVADA | |
| 3 | J&J SPORTS PRODUCTIONS, INC., | Case No.: 2:17-cv-00682-APG-VCF |
| 4 | Plaintiff | **Order (1) Granting Plaintiff's Motion for Summary Judgment and (2) Granting in Part Plaintiff's Motion for Reconsideration** |
| 5 | v. | |
| 6 | LISA MATA, individually and d/b/a/ Juarez El Paso Border Food a/k/a Juarez Border Food; and LVP INTERNATIONAL, LLC, an unknown entity d/b/a/ Juarez El Paso Border Food a/k/a Juarez Border Food, | [ECF Nos. 22, 28] |
| 9 | Defendants | |

Plaintiff J&J Sports Productions, Inc. was granted the exclusive distribution rights to the "Toe to Toe" Saul Alvarez v. Alfredo Angulo Light Middleweight Championship Fight Program. J&J alleges defendant Lisa Mata illegally broadcast this fight at her restaurant, Juarez El Paso Border Food, in violation of 47 U.S.C. § 605 and 47 U.S.C. § 553. J&J now moves for summary judgment. J&J has shown there are no issues of material fact as to Mata's liability under § 605 and it is entitled to judgment as a matter of law. I therefore grant its motion for summary judgment. I deny J&J's motion to amend my grant of default judgment as to defendant LVP International, LLC except as to attorneys' fees.

J&J, a closed-circuit distributor of sports programming, purchased the exclusive licensing rights to the Alvarez-Angulo fight program, which included both the main event and the undercard bouts. ECF No. 22-3 at 2, 7–12. Commercial establishments wishing to broadcast the program were required to pay J&J a sublicense fee based on the establishment's capacity. *Id.* at 3, 14. Mata did not pay the fee to J&J. *Id.* at 2. Two investigators went to Juarez El Paso Border Food on the night of the fight and observed three televisions showing the program and

approximately 12 to 30 patrons. ECF No. 22-2 at 1, 3.  The restaurant had posted on its Facebook page that it would be showing the fight. ECF No. 22-1 at 30.

Because Mata did not respond to J&J's requests for admission, the following facts are deemed admitted under Federal Rule of Civil Procedure 36[1]: (1) Mata was the owner, manager, and officer of Juarez El Paso Border Food when the program was broadcast, and any employees of the restaurant were working on her behalf; (2) Mata was present at the restaurant when the program was broadcast; (3) Mata did not pay a licensing fee to J&J for the program but was aware this was required; (4) Mata or her employees advertised the program; and (5) the program was received by diverting a residential satellite service into the restaurant, an illegal decoder was used in the restaurant, and/or Mata ordered the program from a programming provider (i.e., website, cable company, Dish Network, DirecTV) and paid the provider the residential license fee for the program. *See* ECF No. 22-1 at 18–25.

Summary judgment is appropriate if the pleadings, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence

---

[1] Under Rule 36(a), a matter is deemed admitted "unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection."  Once admitted, a matter "is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b).  No such motion has been filed.

2

of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and draw reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenck, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008). "Unanswered requests for admissions may be relied on as the basis for granting summary judgment." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007).

**A. Liability**

Although J&J alleged violations of both 47 U.S.C. § 605 and § 553, it appears to move for judgment under only § 605. "Section 605(a) of the Communications Act prohibits the unauthorized receipt and use of radio communications for one's 'own benefit or for the benefit of another not entitled thereto.'" *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008) (quoting 47 U.S.C. § 605(a)). This section applies to satellite television signals. *Id.* Furthermore, § 605 is a strict liability statute. *See* 47 U.S.C. § 605(e)(3)(C)(iii) (allowing for a reduction in damages upon a finding "the violator was not aware and had no reason to believe his acts constituted a violation"); *J&J Sports Prods., Inc. v. Aguilar*, No. CV 14-03268 WDK-PLA, 2016 WL 232292, at *2–3 (C.D. Cal. Jan. 19, 2016) (discussing past courts' interpretation of § 605 as a strict liability statute). "[L]iability under section 605 requires proof that a defendant has (1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff." *Cal. Satellite Sys. v. Seimon*, 767 F.2d 1364, 1366 (9th Cir. 1985).

J&J contends that, based on Mata's admissions and its president's and investigators' affidavits, it has shown that Mata intercepted and published the program to which J&J had

exclusive licensing rights. Mata, appearing pro se, does not respond to this argument. Instead, she argues only that the fight was shown to family and neighbors for their own entertainment. Thus, she does not raise a genuine issue of fact as to whether she violated § 605.[2]

**B. Damages**

J&J requests statutory damages in lieu of actual damages. Under § 605, "the party aggrieved may recover an award of statutory damages for each violation . . . in a sum of not less than $1,000 or more than $10,000, as the court considers just . . . ." 47 U.S.C. § 605(e)(3)(C)(i)(II). J&J also requests enhanced damages for the willful violation of the statute. *See* 47 U.S.C. § 605(e)(3)(C)(ii) ("In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section."). J&J argues it should receive the maximum statutory and enhanced damages to properly deter both Mata and other possible pirates from similar future willful violations of the statute. In response, Mata contends that the program was not shown for financial gain, but only to family and neighbors.

First, Mata offers no admissible evidence to support her claims, such as a sworn affidavit. Because Mata is pro se, I "consider as evidence in [her] opposition to summary judgment all of [her] contentions offered in motions and pleadings, where such contentions are based on personal

---

[2] Because Mata admitted to being the manager of the restaurant, to the employees acting on her behalf, and to being inside the establishment when the program was shown, J&J has shown that she can be held liable in her individual capacity. Mata had the right and ability to supervise the violations and a financial interest in showing the program without authorization. *See J&J Sports Prods., Inc. v. Mikhael*, No. SA CV 14-01463 WDK-PLA, 2016 WL 2984191, at *2 (C.D. Cal. May 19, 2016); *J&J Sports Prods., Inc. v. J.R. 'Z Neighborhood Sports Grille, Inc.*, No. 2:09-03141-DCN-RSC, 2010 WL 1838432, at *2 (D. S.C. Apr. 5, 2010).

4

knowledge and set forth facts that would be admissible in evidence, and where [she] has attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). Unsworn assertions do not constitute evidence. *Id.*; *Coverdell v. Dep't of Social & Health Servs., State of Wash.*, 834 F.2d 758, 762 (9th Cir. 1987). Mata offers only unsworn assertions that her conduct was not for financial gain. Notably, this is contradicted by the fact that the restaurant had posted on its Facebook page that it would be showing the fight. ECF No. 22-1 at 30. Mata has not raised a genuine issue of fact as to the willfulness of her violation or its purpose for commercial advantage or private financial gain.

J&J has provided no evidence of Mata's profit from the wrongful broadcast of the fight program. The cost of the licensing fee would have been $1,200. ECF No. 22-3 at 14. J&J's investigators observed between 12 and 30 patrons, purchased food and drink, but were not required to pay a cover charge. ECF No. 22-2 at 1, 3. While deterrence is a goal of statutory damages, I do not find the maximum award is warranted. Therefore, I grant statutory damages in the amount of $5,000.

With respect to J&J's request for the full $100,000 in enhanced damages, I find this is similarly unwarranted. While Mata has admitted she willfully pirated the program and the restaurant did advertise on Facebook, "[t]here is no evidence that [Mata] is a repeat illegal interceptor of programming, and there is no evidence that [J&J] incurred significant damages." *Joe Hand Promotions, Inc. v. Pinkhasov*, No. CV 11-02437-PHX-FJM, 2012 WL 2641451, at *1 (D. Ariz. Aug. 24, 2012). There is "also no evidence that [Mata] charged a premium for drinks or food" or a cover charge. *Id.* While the program was displayed on three televisions, there were

at most 30 people present. Given these considerations, I grant an enhanced damages award in the amount of $5,000.

### C. Motion for Reconsideration

J&J also moves for a reconsideration of the damages awarded for its default judgment against LVP. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision is manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

J&J has not shown that any of these three conditions exists with respect to the damages amount awarded. Therefore, the motion is denied as to damages. With respect to attorneys' fees, § 605 states the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). J&J did not support its motion for default judgment with any documentation regarding attorneys' fees and therefore none were awarded. Given the statutory language, J&J should file a supplemental brief with its request for attorneys' fees and costs along with supporting documentation.

### D. Conclusion

IT IS THEREFORE ORDERED that plaintiff J&J Sports Productions, Inc.'s motion for summary judgment **(ECF No. 22) is GRANTED.**

IT IS FURTHER ORDERED that J&J's motion for reconsideration **(ECF No. 28) is GRANTED in part.**

IT IS FURTHER ORDERED that J&J shall submit a supplemental brief and supporting documentation regarding attorneys' fees and costs within 14 days of this order.

IT IS FURTHER ORDERED that the clerk of court is directed to enter judgment in favor of J&J and against defendant Lisa Mata in the amount of $10,000.

DATED this 20th day of July, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE